Cratsley, J.
Plaintiff, Local 589, Amalgated Transit Union, AFL-CIO (“Local 589”), and defendant, Massachusetts Bay Transportation Authority (“MBTA”), have each moved for summary judgment pursuant to Mass.R.Civ.P. 56. Both parties are seeking a determination of their rights pursuant to G.L.c. 161, §103. For the reasons that follow, defendant’s motion is granted and plaintiffs motion is denied.
FACTS
The background of this case is not disputed and may be briefly summarized. In 1981 the MBTA, pursuant to statutory authority, began hiring part-time employees. See G.L.c. 161A, §19. Local 589 represents these employees. Pursuant to the collective bargaining agreement, part-time employees can only work six hours a day; however, they are often scheduled to work this six-hour shift over a span of eleven hours. These employees are only compensated for the hours they actually work.[1]
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat'l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue “and [further,] that the moving party is entitled to judgment as a matter of law." Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Where both parties have moved for summary judgment and “in essence there is no real dispute as to the salient facts or if only a question of law is involved,” summary judgment shall be granted to the party entitled to judgment as a matter of law. Cassesso, supra.
The relevant issue in this case is whether part-time MBTA employees’ hours are governed by statute or, rather, by the collective bargaining agreement. Massachusetts G.L.c. 161A, §19 provides, in pertinent part, that “the [MBTA) and its employees shall be governed with respect to hours of employment, rates of wages, salaries, hours, working conditions, health benefits, pensions, and retirement allowances by the laws relating to street railways.” The relevant Street Railway law states, “[a] day’s work . . . shall not exceed nine hours, and shall be so arranged by the employer so that it shall be performed within eleven consecutive hours.” G.L.c. 161, §103.
There is little case law analyzing the application of these statutes to MBTA employees. A 1902 Attorney General Opinion considered the application of G.L.c. 106, §22 (the precursor to G.L.c. 161, §103) in the context of train workers who were paid by the hour rather than by the day. The Attorney General found that the law did not apply to hourly employees, since such employees were not hired for a “day’s work." 2 Op. Atty. Gen. 388, 389 (1902). The Attorney General rationalized that parties could contract for employment “for specific defined periods of time not referable to the standard of a day’s work.” Id. Thus, according to the Attorney General, employees who are paid by the hour are not afforded protection under the statute. Id.
Recently, the Supreme Judicial Court had occasion to consider the scope of the MBTA’s authority in connection with the hiring and scheduling of part-time employees. Local 589, Amalgamated Transit Union v. Massachusetts Bay Transportation Authority, 392 Mass. 407 (1984). In this case, the Court considered the validity of an arbitration award that restricted the MBTA’s discretion in setting wages, hours, and conditions of employment for part-time employees. Id. at 415. Our Supreme Judicial Court ruled that the arbitration award unlawfully restricted the MBTA’s discretion to hire and schedule part-time employees. Id. at 416.
Absent a finding that the Supreme Judicial Court implicitly incorporated the Attorney General’s 1902 interpretation of G.L.c. 161, §103, it is difficult to harmonize the Local 589 opinion with the statutory framework governing part-time MBTA employees. Clearly, if the Supreme Judicial Court believed that *446 G.L.c. 161, §103 was applicable to part-time employees it would have ruled that the MBTA was obliged to apply the statute in scheduling its employees. The Court, however, ruled just the opposite — finding that “the challenged provisions of the arbitrator’s award interfered with [management] rights by purporting to regulate the employment and scheduling practices of the MBTA as they relate to part-time employees.” Local 589, Amalgamated Transit Union v. Massachusetts Bay Transportation Authority, supra at 416. The Supreme Judicial Court’s decision inferentially confirms both the validity of the 1902 Attorney General Opinion defining a “day’s work”[2] and the fact, found therein, that part-time employees are not hired for a “day’s work” as they are paid hourly rather than annually. If the Supreme Judicial Court found that part-time employees performed a “day’s work” the Court would have been bound to examine tbe applicable statute limiting the MBTA’s power to schedule its employees. The Supreme Judicial Court’s failure to apply the statute is helpful guidance for this Court’s determination that the statute is not applicable. Therefore, this Court finds, based on the Supreme Judicial Court’s ruling in Local 589 and the Attorney General opinion of 1902, that part-time employees are not encompassed within G.L.c. 161, §103 because they are not hired for a “day’s work” as defined by the Attorney General.
ORDER
This Court ORDERS that defendant’s motion for summary judgment is GRANTED, that the plaintiffs motion for summary judgment is DENIED, and that a Declaratory Judgment issue that part-time employees of the MBTA are not encompassed within, or provided rights by, G.L.c. 161, §103.

 Full time employees, pursuant to their collective bargaining agreement, are paid extra compensation for work that spans over a ten-hour day.

The Attorney General Opinion has not been questioned or litigated for over 90 years. This Court is hesitant to singlehandedly undermine such precedent especially when the Supreme Judicial Court in Local 589 demonstrated an obvious awareness of both the statute and Attorney General Opinion.